UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| **CANDY GARCIA**, an individual, and **DELIA DE LA ROSA**, an individual, | CIVIL ACTION |
| Plaintiffs, | Case No.  2:20-cv-499 |
| v. | Judge: |
| **THE WOODRUFF INSTITUTE, LLC**, a Florida limited liability company, and **DR. REBECCA LAMBERT**, an individual, | Mag. Judge: |
| Defendants. | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**NOW COME** the Plaintiffs, **CANDY GARCIA** ("**GARCIA**") and **DELIA DE LA ROSA** ("**DE LA ROSA**")(collectively "Plaintiffs"), by and through undersigned counsel, and state the following for their Complaint:

**CAUSES OF ACTION**

1. This is an action brought under the federal Fair Labor Standards Act ("FLSA") and common law for unpaid overtime wages.

**PARTIES**

2. The Plaintiff, **CANDY GARCIA** ("**GARCIA**") is an individual and a resident of Florida who at all material times resided in Lee County and Collier County, Florida and worked for the Defendants in Collier County, Florida. At all material times, **GARCIA** was employed by the Defendants as a biller and was paid on an hourly basis. A great number of the customers **GARCIA** served were residents of other states who visit Southwest Florida on only a seasonal basis or on vacation. **GARCIA** began the flow of interstate commerce for by, *inter alia*, generating

1

and processing billing, which collected funds from out-of-state sources, including Medicare. **GARCIA** performed work in Collier County, Florida, which is within the Middle District of Florida, during the events giving rise to this case. **GARCIA** was an employee within the contemplation of 29 U.S.C. 203(e)(1). Thus, pursuant to 28 U.S.C. 1391(b), venue for this action lies in the Middle District of Florida.

3. The Plaintiff, **DELIA DE LA ROSA** ("**DE LA ROSA**") is an individual and a resident of Florida who at all material times resided in Lee County and Collier County, Florida and worked for the Defendants in Collier County, Florida. At all material times, **DE LA ROSA** was employed by the Defendants as a billing supervisor and was paid on an hourly basis. A great number of the customers **DE LA ROSA** served were residents of other states who visit Southwest Florida on only a seasonal basis or on vacation. **DE LA ROSA** began the flow of interstate commerce for by, *inter alia*, generating and processing billing, which collected funds from out-of-state sources, including Medicare. **DE LA ROSA** performed work in Collier County, Florida, which is within the Middle District of Florida, during the events giving rise to this case. **DE LA ROSA** was an employee within the contemplation of 29 U.S.C. 203(e)(1). Thus, pursuant to 28 U.S.C. 1391(b), venue for this action lies in the Middle District of Florida.

4. The Defendant, **THE WOODRUFF INSTITUTE, LLC** ("**PRACTICE**") is a Florida limited liability corporation and has a principal place of business located in Collier County, Florida. **PRACTICE** has gross annual income well in excess of $500,000.00 per year and is engaged in interstate commerce; it is a covered employer under the FLSA (29 U.S.C. §203(d), (r) and (s)). **PRACTICE**'s employees are engaged in interstate commerce and their business model specifically involves interstate purchases and handling goods such as medications and durable medical equipment that are from out-of-state suppliers. **PRACTICE** collects monies, most of

which is from out-of-state financial institutions or the United States government. **PRACTICE** has the authority to hire, fire, assign work, withhold work and affect the terms and conditions of persons like Plaintiffs. **PRACTICE** supervised and controlled Plaintiffs' work schedules and conditions of employment, in addition to determining the rate and method of payment for Plaintiffs. **PRACTICE** maintains employment records of Plaintiffs. **PRACTICE** was the employer of Plaintiffs.

5. The Defendant, **DR. REBECCA LAMBERT** ("**LAMBERT**") is an individual and is a covered employer under the FLSA (29 U.S.C. §203(d), (r) and (s)). **LAMBERT** had the authority to hire, fire, assign work, withhold work and affect the terms and conditions of persons like Plaintiffs. **LAMBERT** supervised and controlled Plaintiffs' work schedules and conditions of employment, in addition to determining the rate and method of payment for Plaintiffs. **LAMBERT** maintains employment records of Plaintiffs. **LAMBERT** was the employer of Plaintiffs.[1]

## JURISDICTION AND VENUE

6. This Court has jurisdiction of this matter under 28 U.S.C. §1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act (FLSA") 29 U.S.C. §§216(b) and 217. The jurisdiction of this Court is invoked to secure the protection and redress of the deprivation of rights secured by the FLSA.

7. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff worked in, and the Defendants conduct business in, and some or all of the events giving rise to Plaintiff's claims occurred in Collier County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since the action accrued in Collier County, which is within the Fort Myers Division.

---

[1] **PRACTICE** and **LAMBERT** are referred to herein as "Defendants."

3

## GENERAL ALLEGATIONS

8. **GARCIA** began her employment with the Defendants in May 2015 and ended on December 11, 2018.

9. **DE LA ROSA** began her employment with the Defendants in July 2016 and ended in April 2018.

10. Defendant **PRACTICE** is a medical practice, owned by Defendant **LAMBERT**, that does business in Naples, Florida, as well as all of Collier County.

11. **GARCIA** was employed by the Defendant as a biller and was paid on an hourly basis.

12. **DE LA ROSA** was employed by the Defendants as a billing supervisor and was paid on an hourly basis.

13. Plaintiffs' direct supervisor was **LAMBERT**, and their respective roles were non-management and did not include advising the Defendants regarding violations of state or federal wage/hour law.

14. **GARCIA** was required by the Defendants to work fifty (50) hours per week (and many more during the busy winter "season"), and did so without proper overtime compensation.

15. **DE LA ROSA** was required by the Defendants to work forty-five (45) hours per week (and many more during the busy winter "season"), and did so without proper overtime compensation.

16. The Defendant's practices alleged above establish that the Plaintiffs were not FLSA-exempt but rather non-exempt employees whom the Defendants required or permitted to work off-the-clock in violation of the FLSA because they performed work for the benefit of the Defendants for which they were not compensated. To the extent that such work is performed during

a work week in which Plaintiffs have, or would have, worked in excess of forty (40) hours per week, such practice further violates the overtime pay provisions of the FLSA by virtue of the Defendants' failure to pay compensation at a rate of one and one-half (1 and 1/2) times Plaintiffs' regular rate of pay.

17. The Defendants' practices alleged *supra*, requires employees like Plaintiffs to perform work for the benefit of the Defendants for which the employees are not compensated and thus the Defendants have been unjustly enriched.

18. The Defendants misclassified Plaintiffs as FLSA-exempt and proper records of their hours worked would reflect uncompensated overtime.

19. The Defendants did not pay Plaintiffs proper overtime.

20. The Defendants should have been paying Plaintiffs on an hourly, non-exempt rate during the entire course of their employment with the Defendants.

21. Notwithstanding the same, the Defendants still refused to properly compensate Plaintiffs on an hourly, non-exempt basis in compliance with the FLSA. The Defendants thus failed to act in good faith and did not have a reasonable belief they had complied with the FLSA.

22. The Defendants have violated the FLSA by failing to pay overtime wages to Plaintiffs.

**COUNT I: VIOLATION OF THE FLSA- UNPAID OVERTIME**

23. The Plaintiff hereby incorporates Paragraphs 1-22 in this Count as though fully set forth herein.

24. Plaintiffs were actually covered, non-exempt employees under the FLSA at all times during their employment with the Defendants.

25. The Defendants were required by the FLSA to pay Plaintiffs at least time and one-half for all hours worked by them in excess of 40 hours per week.

26. The Defendants had operational control over all aspects of Plaintiffs' day-to-day functions during their employment, including compensation.

27. The Defendants were Plaintiffs' employer and are liable for violations of the FLSA in this case.

28. The Defendants violated the FLSA by failing to pay Plaintiffs at least time and one-half for all hours worked over 40 per week.

29. The Defendants have willfully violated the FLSA in refusing to pay Plaintiffs' proper overtime for all hours worked over 40 per week.

30. As a result of the foregoing, Plaintiffs have suffered damages of lost wages.

31. The Defendants are the proximate cause of Plaintiffs' damages.

**WHEREFORE,** the Plaintiffs pray that this Honorable Court enter a Judgment in their favor and against the Defendants for an amount consistent with evidence, together with liquidated damages, the costs of litigation, interest, and reasonable attorneys' fees.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, the Plaintiffs demand a trial by jury as to all issues triable as of right.

                                            Respectfully submitted,

Dated: July 15, 2020                  **/s/ Benjamin H. Yormak**
                                            Benjamin H. Yormak
                                            Florida Bar Number 71272
                                            Trial Counsel for Plaintiff
                                            Yormak Employment & Disability Law
                                            9990 Coconut Road
                                            Bonita Springs, Florida 34135
                                            Telephone: (239) 985-9691
                                            Fax: (239) 288-2534
                                            Email: byormak@yormaklaw.com